OPINION
Appellant Stephen Sweitzer appeals a summary judgment of the Court of Common Pleas of Delaware County, Ohio, which sustained defendant Jack D. Houtman's motion for summary judgment against appellant on his claim for property damage. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED WHEN IT HELD THAT NO GENUINE ISSUE AS TO ANY MATERIAL FACT REMAINS TO BE LITIGATED.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED WHEN IT HELD THAT THE AFFIDAVIT OF KEITH HINSHAW AND MATT STIMMEL EACH FAILED TO MEET THE REQUIREMENTS SET FORTH IN RULE 56 (E) OF THE OHIO RULES OF CIVIL PROCEDURE.
Appellant has failed to comply with Loc. App. R. 9, which requires a separate statement be made pursuant to summary judgment. However, appellant's brief does set forth his assertion summary judgment was inappropriate because there was a genuine issue of fact regarding whether defendant's mailbox constituted an unreasonably dangerous obstacle for motorists.
The trial court's judgment entry of October 20, 1998 sets forth the undisputed facts. Appellant drives Braumiller Road virtually daily. Appellee lives on Braumiller Road and placed a mailbox at his home with the outer most front end of the mailbox one and one-half feet from the edge of the payment. On the day in question, appellant was driving North when an oncoming truck forced his vehicle off the side of the road onto the gravel berm. Appellant struck appellee's mailbox with the mirror of his pickup truck driver, and his truck was damaged, as was the mailbox. Appellant did not contact anyone to determine the identity of the truck driver who forced him off the road, nor did he file a report with the State Highway Patrol or his automobile insurance carrier. Appellant did leave a note in appellee's mailbox informing him he had struck the mailbox, and offering the opinion it was located too close to the road. Appellant then brought an action for compensatory and punitive damages.
The trial court found upon these facts no genuine issue existed. The court found although appellant wisely avoided the collision with the truck, the truck driver, not appellee is responsible for appellant's striking of the mailbox. The court found the case presented the possible liability of the truck driver, but his liability cannot somehow be transformed into appellee's responsibility. The trial court concluded construing the evidence most strongly in favor of the appellant, reasonable minds could come to but one conclusion, and that conclusion is adverse to appellant. The trial court found appellee was entitled to judgment as a matter of law.
 II
In his second assignment of error, appellant argues the trial court incorrectly found certain affidavits appellant submitted did not meet the requirements of Civ. R. 56 (E).
Civ. R. 56 (E) states in pertinent part:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
The first affidavit, made by Keith Hinshaw, asserts that "we" had investigated the mailbox at 3021 Braumiller Road, and describes, inter alia the appearance of the mailbox. The affidavit is in letter form, and displays a notary seal stamp and signature. The notary did not include an authentication and cautionary statement. The second affidavit, offered by Matt Stimmel, asserts that the affiant had spoken to the appellee. It is properly notarized.
We find the trial court erred in finding the second affidavit did not meet the requirement set forth in Civ. R. 56 (E). The first, however, is not properly notarized, and thus does not meet the minimum requirements of the rule.
The second assignment of error is sustained in part and overruled in part.
 I
In his first assignment of error, appellant argues the trial court erred when it found no genuine issue remained as to any material fact. Appellant submits there remained for trial a genuine issue of fact regarding whether the appellee's mailbox constituted an unreasonably dangerous obstacle for a motorist traveling along side the road, because of its construction.
Civ. R. 56 (C) states in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company
(1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. A reviewing court reviews a summary judgment by the same standard as the trial court, Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
Appellee argued to the trial court his mailbox was in full compliance with the United States and the Liberty Township postal regulations regarding location of a mailbox. Appellant argues appellee built the mailbox in such a way and with such material that it allowed no breakaway support, creating a very dangerous obstacle for motorists traveling along the roadway. The appellee admitted his mailbox had been hit before by "kids", and appellant urges it is reasonable to infer that appellee purposely built a mailbox of more rigid construction in order to withstand the abuse it had taken in the past. Appellant suggests it is reasonably foreseeable a person traveling on the roadway could be injured by the mailbox's construction. In addition, appellant urges appellee's mailbox is located on the public domain, that is, the public easement along the road.
Appellee responds he met all the appropriate regulations, ordinances, laws, codes, and any other type of binding authority applicable to mailboxes in Liberty Township, Delaware County, Ohio.
We have reviewed the record, and we find the trial court did not err in finding the proximate cause of this accident was appellant's action in avoiding the collision with the oncoming truck. We further agree with trial court that the negligence of that truck driver does not transfer to appellee. The record does not demonstrate appellant came forth with sufficient evidence appellee breached a duty owed to him, causing his damages.
The first assignment of error is overruled.
Although we sustained the second assignment of error in part, dealing with the evidence submitted, we nevertheless find that evidence, even if admitted, would not demonstrate a material fact remained in dispute. Accordingly, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
By Gwin, P.J., and Farmer, J., concur Hoffman J., concurs separately.
______________________________
______________________________
______________________________
JUDGES
WSG:clw 0205